# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:03cv142

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, ) | |
| United States Department of Labor, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| RIVENDELL WOODS, INC. d/b/a ) | |
| RIVENDELL WOODS and RIVENDELL ) | |
| WOODS FAMILY CARE; LANDRAW-I, LLC; ) | |
| ANDREA WELLS JAMES, individually; and ) | |
| RODNEY JAMES, individually, ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendants' Motion to Enforce Court's Order Entered January 23, 2006 (#43). Such motion was filed on October 6, 2006, making the government's response due to be filed not later than October 23, 2006. After such motion was filed, but on the same day, the government filed its "Stipulation of Voluntary Dismissal" (#44), a document which had been signed by all parties some 30 days earlier. On or about October 26, 2006, the Clerk of this Court informed the court that counsel for plaintiff called his office to inform the court that the Secretary had no objection to or would not be opposing the defendants' motion.

The court finds the government's filing of the Stipulation of Dismissal immediately after the filing of the Motion to Enforce to be either incredibly coincidental or fortuitous. In any event, the government has failed to interpose any objection within the time allowed by Local Rule 7.1(B).

Where as here a motion to compel is granted or denied, Rule 37(a)(4)(A), Federal Rules of Civil Procedure, provides as follows:

> [T]he court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4)(A).

The court has considered whether plaintiff's Motion to Compel was substantially justified or whether other circumstances make an award of fees and expenses unjust. For the reasons discussed in the previous Order (#42), the court finds that the government's motion was not substantially justified and that no circumstances have been shown to the court that would make an award of fees and expenses unjust.

In fashioning an appropriate award under Rule 37, the Court of Appeals for the Fourth Circuit has consistently held that a court should award "only those fees and expenses flowing from the abuse of the discovery process . . . ." Smith v. US Sprint, 1994 WL 62338, *5 (4th Cir. 1994)[1] (*citing* Stillman v. Edmund Scientific Co., 522 F.2d 798, 801 (4th Cir.1975)). The court has compared the affidavit submitted by defendants' counsel with the brief in response and finds that the hours billed for defending against the Motion to Compel are reasonable. There has been no showing by the government that the proposed fees did not flow from its abuse of the discovery process.

The court has also considered defendants' counsels' billing rates, which are $240.00 per hour for Mr. Jackson with over 20 years experience and $200.00 an hour for counsel with less, although substantial, experience. The court is familiar with the quality of the work

---

[1] Due to the limits of electronic case filing, a copy of such unpublished decision is placed in the electronic record through reference to the Westlaw citation.

product for all three attorneys for defendants and finds such rates to be well be within reason for representation in a complex federal case. See Wahler v. Countrywide Home Loans, Inc., 1:05cv349 (W.D.N.C. June 14, 2006). It appearing that both the time and the rate are reasonable, and that such fees flow directly from defense of plaintiff's discovery motion, and that no objection has been interposed within the time allowed, the court will direct that fees in the amount of $5,490.00 be paid directly to counsel for defendants within 10 days of receipt of this Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Enforce Court's Order Entered January 23, 2006 (#43) is **GRANTED**, and the plaintiff shall pay directly to counsel for defendants the amount of $5,490.00 within 10 days of the filing of this Order.

Signed: October 27, 2006

Dennis L. Howell
United States Magistrate Judge